UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

                -v.-

EVALDAS RIMASAUSKAS,

                Defendant.

- - - - - - - - - - - - - - - - - - x

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:                           │
│ DATE FILED: 12\22\16             │
└─────────────────────────────────┘
```

:
:        **SEALED INDICTMENT**
:
:        16 Cr. ____
:
:
:
:
x

**COUNT ONE**
**(Wire Fraud)**

The Grand Jury charges:

# 16 CRIM 841.

### Relevant Persons and Entities

1.    At all times relevant to this Indictment, Company-1 was an Asian-based manufacturer of computer hardware. Company-1 provided goods and services to various technology companies around the world, and maintained bank accounts based in Asia. Company-1 was established in or about the late 1980s.

2.    At all times relevant to this Indictment, EVALDAS RIMASAUSKAS, the defendant, was a citizen and resident of Lithuania. RIMASAUSKAS served as the sole member of the board of directors of a company ("Company-2") registered and incorporated in the Republic of Latvia by RIMASAUSKAS and others in or about 2013. RIMASAUSKAS opened, maintained, and controlled various accounts at banks located in Latvia and Cyprus in the name of Company-2.


JUDGE DANIELS

3.    At all relevant times, Victim-1 was a multinational technology company, specializing in Internet-related services and products, with headquarters in the United States. Victim-1 conducted regular business with Company-1 and regularly engaged in multi-million dollar transactions with Company-1.

4.    At all relevant times, Victim-2 was a multinational corporation providing online social media and networking services, with headquarters in the United States. Victim-2 and its subsidiaries conducted regular business with Company-1 and regularly engaged in multi-million dollar transactions with Company-1.

## RIMASAUSKAS'S FRAUDULENT SCHEME TO STEAL OVER $100 MILLION DOLLARS FROM VICTIM-1 AND VICTIM-2

5.    From at least in or about 2013 through in or about 2015, EVALDAS RIMASAUSKAS, the defendant, and others known and unknown, orchestrated a fraudulent business email compromise scheme to deceive various companies, including Victim-1, Victim-2, and certain of their subsidiary companies (collectively the "Victim Companies") into wiring millions of dollars to Company-2 that were, in truth and in fact, intended for Company-1. As part of this fraudulent scheme, RIMASAUSKAS registered and incorporated Company-2 -- which bore the same name as Company-1, and purported to be in the same business as Company-1 -- in

2

Latvia. RIMASAUSKAS then proceeded to open bank accounts in Company-2's name at banks based in Latvia and Cyprus.

6.    Thereafter, EVALDAS RIMASAUSKAS, the defendant, participated in a fraudulent scheme designed to target companies that regularly conducted business with Company-1. Specifically, as part of the scheme, fraudulent phishing emails were sent to employees and agents of the Victim Companies. These emails purported to be from employees and agents of Company-1, but in truth and in fact, they were not sent or authorized by employees or agents of Company-1. The fraudulent emails were sent from email accounts that were designed to create the false appearance that they were sent by employees and agents of Company-1. The fraudulent emails directed that money the Victim Companies owed Company-1 for legitimate goods and services Company-1 had provided, and which otherwise was to be transferred by the Victim Companies to Company-1's bank accounts in Asia, instead be sent to Company-2's bank accounts in Latvia and Cyprus, which were controlled by RIMASAUSKAS. Company-2's fraudulent emails succeeded in deceiving the Victim Companies into complying with the fraudulent wiring instructions.

7.    After the Victim Companies wired funds intended for Company-1 to Company-2's bank accounts in Latvia and Cyprus, EVALDAS RIMASAUSKAS, the defendant, caused the transferred funds to be quickly wired into different bank accounts in various

3

locations throughout the world, including Latvia, Cyprus, Slovakia, Lithuania, Hungary, and Hong Kong. These international wire transfers from the Victim Companies' U.S.-based bank accounts to the Company-2 bank accounts, and in turn from the Company-2 bank accounts to various accounts located in a variety of other countries, were made through the use of correspondent bank accounts, including bank accounts located in New York, New York.

8. Forged invoices, contracts, and letters that falsely appeared to have been executed and signed by executives and agents of the Victim Companies, and which bore false corporate stamps embossed with the Victim Companies' names, were used in furtherance of the fraudulent scheme orchestrated by EVALDAS RIMASAUSKAS, the defendant. RIMASAUSKAS caused these fraudulent documents to be submitted to banks in support of the large volume of funds that were being transmitted via wire transfer into the Company-2 bank accounts.

9. In at least one instance, EVALDAS RIMASAUSKAS, the defendant, caused to be sent a fraudulent letter purportedly from Victim-1's bank, falsely asserting that the wire transfers at issue were intended to be transmitted from Victim-1's bank account to a Company-2 bank account, in satisfaction of a purported contract between Victim-1 and Company-2. In truth and

4

in fact, the purported contract between Victim-1 and Company-2 did not exist.

10. Through false and deceptive representations made over the course of the scheme, EVALDAS RIMASAUSKAS, the defendant, caused the Victim Companies to transfer over a hundred million dollars in United States currency from the Victim Companies' bank accounts to Company-2's bank accounts.

## Statutory Allegations

11. From at least in or about 2013, up to and including in or about October 2015, in the Southern District of New York and elsewhere, EVALDAS RIMASAUSKAS, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and attempting to do so, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, RIMASAUSKAS perpetrated a scheme using fraudulent emails to trick the Victim Companies into wiring millions of dollars, intended for Company-1, to Company-2 bank accounts controlled by RIMASAUSKAS, and in connection therewith and in furtherance thereof RIMASAUSKAS transmitted and caused to be transmitted interstate and foreign

5

email and wire transfers of funds through the Southern District
of New York.

(Title 18, United States Code, Sections 1349, 1343 and 2.)

## COUNT TWO
### (Aggravated Identity Theft)

The Grand Jury further charges:

12.  The allegations contained in paragraphs 1 through 10
of this Indictment are repeated and realleged as if fully set
forth herein.

13.  From at least in or about 2013, up to and including in
or about October 2015, in the Southern District of New York and
elsewhere, EVALDAS RIMASAUSKAS, the defendant, knowingly did
transfer, possess, and use, without lawful authority, a means of
identification of another person, during and in relation to a
felony violation enumerated in Section 1028A(c), to wit,
RIMASAUSKAS used numerous names of individuals affiliated with
the Victim Companies to commit the wire fraud crime charged in
Count One of this Indictment.

(Title 18, United States Code, Sections 1028A and 2.)

## COUNT THREE
### (Money Laundering)

The Grand Jury further charges:

14.  The allegations contained in paragraphs 1 through 10
of this Indictment are repeated and realleged as if fully set
forth herein.

6

15.  From at least in or about 2013, up to and including in
or about October 2015, in the Southern District of New York and
elsewhere, EVALDAS RIMASAUSKAS, the defendant, knowing that the
property involved in certain financial transactions represented
proceeds of some form of unlawful activity, conducted and
attempted to conduct such financial transactions, which in fact
involved the proceeds of specified unlawful activity, to wit,
wire fraud, in violation of Title 18, United States Code,
Section 1343, knowing that the transactions were designed in
whole and in part to conceal and disguise the nature, location,
source, ownership, and control of these proceeds of specified
unlawful activity, to wit, RIMASAUSKAS caused proceeds of the
wire fraud scheme charged in Count One of this Indictment to be
wire transferred from bank accounts in Latvia and Cyprus to bank
accounts in various countries through the use of correspondent
bank accounts in the United States in order to conceal and
disguise the nature, location, source, ownership, and control of
the proceeds.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.)

## COUNT FOUR
## (Money Laundering)

The Grand Jury further charges:

16.  The allegations set forth in paragraphs 1 through 10 of this Indictment are repeated and realleged as if fully set forth herein.

17.  From at least in or about 2013, up to and including in or about October 2015, in the Southern District of New York and elsewhere, EVALDAS RIMASAUSKAS, the defendant, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, to wit, RIMASAUSKAS caused proceeds of the wire fraud scheme charged in Count One of this Indictment to be wire transferred from correspondent bank accounts in the United States to bank accounts outside of the United States in order to conceal and

8

disguise the nature, location, source, ownership, and control of the proceeds.

(Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.)

## COUNT FIVE
### (Money Laundering)

The Grand Jury further charges:

18. The allegations set forth in paragraphs 1 through 10 of this Indictment are repeated and realleged as if fully set forth herein.

19. From at least in or about 2013, up to and including in or about October 2015, in the Southern District of New York and elsewhere, EVALDAS RIMASAUSKAS, the defendant, in an offense taking place in the United States, knowingly engaged in and attempted to engage in monetary transactions in criminally derived property that was of a value greater than $10,000, to wit, wire transfers and other transfers of funds in excess of $10,000 to and from bank accounts in the United States, such property having been derived from a specified unlawful activity, to wit, the wire fraud scheme charged in Count One of this Indictment.

(Title 18, United States Code, Sections 1957(a) and 2.)

## FORFEITURE ALLEGATION AS TO COUNT ONE

20.  As a result of committing the offense alleged in Count
One of this Indictment, EVALDAS RIMASAUSKAS, the defendant,
shall forfeit to the United States pursuant to Title 18, United
States Code, Section 981(a)(1)(C), and Title 28, United States
Code, Section 2461, any and all property, real and personal,
that constitutes or is derived from proceeds traceable to the
commission of the offense alleged in Count One.

## FORFEITURE ALLEGATION AS TO COUNTS THREE THROUGH FIVE

21.  As a result of committing one or more of the offenses
alleged in Counts Three through Five of this Indictment, EVALDAS
RIMASAUSKAS, the defendant, shall forfeit to the United States,
pursuant to Title 18, United States Code, Section 982(a)(1), any
property, real and personal, involved in one or more of the
offenses alleged in Counts Three through Five, and any property
traceable to such property.

10

## Substitute Assets Provision

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Sections 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

PREET BHARARA
United States Attorney

11

Form No. USA-33s-274  (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v. -

### EVALDAS RIMASAUSKAS,

Defendant.

### SEALED INDICTMENT

16 Cr. _____

(18 U.S.C. §§ 1028A, 1349, 1343, 1956, 1957 & 2)

PREET BHARARA
United States Attorney.

**TRUE BILL**

_____
                              FOREPERSON

— TRVE BILL / SEALED INDICTMENT
                      ?Arrest Warrant
— MAG. JUDGE RONALD L. ELLIS
      12/22/16